**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JORDAN MAY, JASMINE MAY, and AVA MAY, as next of kin of JUAN O'NEIL MAY decedent; and JINDIA MAY BLOUNT, individually and as representative of THE ESTATE OF JUAN O'NEIL MAY, deceased,** § § § § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action No. **3:16-CV-1674-L** | |
| **CITY OF ARLINGTON, TEXAS, a municipality; and THEDRICK ANDRES, individually and in his official capacity as a Police Officer for the CITY OF ARLINGTON,** § § § § § § § | | |
| Defendants. § | | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

In its Memorandum Opinion and Order (Doc. 38 at 26-27), filed March 20, 2019, the court stated and ordered the following regarding the status of Plaintiffs' purported claims under the Texas Wrongful Death and Survival Statutes:

> Except for Jindia Blount attempting to assert claims in her individual capacity, the court is not certain of the status of these claims regarding other Plaintiffs, as it is not aware of any motion or request to dismiss these claims specifically. A person is allowed under § 1983 to seek damages under these statutes. [*Rhyne v. Henderson Cty.*, 973 F. 2d 386, 390-91 (5th Cir. 1992)] (citations omitted); *Pluet v. Frasier*, 355 F. 3d 381, 383 (5th Cir. 2004) (citation omitted). The court, however, does not recall them being addressed sufficiently in the context of § 1983. Both Defendants urge the court to dismiss all of the *federal* claims, yet there is not sufficient discussion of the dismissal of the state-law claims under the Wrongful Death and Survival Statutes. The parties are to clarify in writing the status of these claims. Any explanation or clarification may not exceed **seven** pages, excluding the signature page, and the clarification must be filed by **March 27, 2019**. (footnote omitted).

**Supplemental Memorandum Opinion and Order – Page 1**

On March 25, 2019, the court issued a Supplemental Order (Doc. 40) that instructed "the parties to provide authority to support their respective positions regarding the status of the state law claims."

Defendants City of Arlington ("the City") and Thedrick Andres ("Andres") complied with the court's instructions (Docs. 41, 42) and filed their clarifications with the court on March 27, 2019. Plaintiffs *did not file* a clarification as ordered and did not seek an extension of the court's deadline to file a clarification. After considering the clarifications, the court, for the reasons stated herein and those stated by Defendants, agrees that no state law claims remain.

The bases of Plaintiffs' claims are that Andres used excessive and deadly force when he shot Juan O'Neil May ("May") on June 21, 2014, and wrongfully caused his death. They filed an action pursuant to 42 U.S.C. § 1983,[1] alleging that Andres's conduct violated May's rights under the Fourth Amendment to the United States Constitution and that an unconstitutional policy or custom of the City was the moving force behind Andres's conduct.

As previously noted by the court, a plaintiff's claim for excessive force must be determined according to Fourth Amendment standards because "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). Thus, it is unmistakable that Plaintiffs relied on a federal statute to assert a wrongful act.

---

[1] This is a federal statute that allows a person to bring a federal cause of action if he or she has been deprived of a right guaranteed under the United States Constitution, or other federal law, by a person acting under color of state law.

**Supplemental Memorandum Opinion and Order – Page 2**

Under the Texas Wrongful Death Statute ("TWDS"), Tex. Civ. Prac. & Rem. Code Ann. § 71.002(b), a person who causes the death of another person because of his or her "wrongful act, neglect, carelessness, unskillfulness, or default" is liable for damages. The Texas Survival Statute ("TSS"), Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b), allows a personal injury survival action "in favor of the heirs, legal representatives, and estate of the injured person." The court is convinced that Plaintiffs use the TWDS and TSS as mechanisms or procedural vehicles to seek the recovery of damages for an action brought pursuant to § 1983.

Actions under the TWDS and TSS are derivative actions. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). In other words, actions under these two statutes are "wholly derivative" of the decedent's rights, and the actionable wrong is that suffered by the decedent before his or her death. *Id*. Plaintiffs specifically seek recovery of damages under these statutes in the context of § 1983 pursuant to paragraphs 28, and 81-86 of Plaintiffs' Second Amended Original Complaint (Doc. 25). Accordingly, the court does not view the alleged claims made pursuant to the TWDS and TSS as separate or independent causes of action. As the court earlier ruled that Plaintiffs have failed to state any federal claims under § 1983 upon which relief can be granted against Defendants,[2] no independent claims can exist under the TWDS or TSS. Accordingly, both Defendants are entitled to dismissal with prejudice of these purported state law claims.

---

[2] The court earlier raised some concerns regarding Plaintiffs' alleged claim under § 1983 for deprivation of a familial relationship, and instructed Plaintiffs to address this alleged claim and include it in the amended pleading if they determined it to be viable. The court found no reference to this alleged claim in Plaintiffs' Second Amended Original Complaint, and, therefore, it is not before the court. In any event, as the court has held that Plaintiffs failed to assert federal claims upon which relief could be granted against Defendants, any purported claim for deprivation of a familial relationship necessarily fails and is **dismissed with prejudice**.

**Supplemental Memorandum Opinion and Order – Page 3**

For the reasons herein stated, the court **dismisses with prejudice** any claims that Plaintiffs' assert or attempt to assert as an independent or separate action under the TWDS or TSS. Based on this ruling and three earlier opinions, the court will issue judgment in favor of Defendants by separate document, as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 28th day of March, 2019.

Sam A. Lindsay
United States District Judge